ORD. PET.

## Cromie *vs.* Kentucky & Louisvillle Mutual Insurance Company.

Case 44.

APPEAL FROM JEFFERSON CIRCUIT.

1. The insured, where there are several policies covering the same property, is entitled to but one indemnity, which he may recover from any one, and those who pay must seek contribution from other insurers. (1 *Phillips on Ins. ed. of* 1823, *page* 326; 2 *Ib.* 224, 387 and 496.)
2. If there be a double insurance and part be recovered on one policy, the remaining loss may be recovered on another.

The facts of the case are stated in the opinion of the court.—*Rep.*

*Bullitt & Smith,* for appellant—no brief on file.

*Speed & Worthington,* for Kentucky and Louisville Mutual Insurance Company—

The Kentucky and Louisville Mutual Insurance Company issued a fire policy on Cromie's paper mill for $5,000. An addition to the mill was subsequently built, and both buildings were insured together in other offices for $7,000 besides, making the total sum insured, $12,000. Both buildings were damaged by fire, and this insurance company has paid five-twelfths of the loss on the old building. The question presented and decided below was as to the mode of adjusting the loss, and by agreement the same question is presented here. (See *Record,* 8.)

If the new building alone had burned, this insurance company would not have been bound for any

part of the loss, because that building was not em-     CROMIE
braced in her policy.   If the old building alone had   Kv. & Lou'ville
burned, she would have been liable for only five-    Mv. Ins. Co.
twelfths of the loss, not exceeding the sum by her
insured.   Now, when both buildings burn, if a rule
of adjustment is fixed whereby this insurance com-
pany pays more than if the old building alone had
burned, to that extent she is made to pay for the loss
on the new building, which is not embraced in her
policy.

The other underwriters cannot justly complain of
the mode of adjustment proposed above.   As to them
the risk is a unit.   Their policies embrace both build-
ings as a whole ; and they have no more right to ap-
portion their risk on the constituent parts of the build-
ing insured, than upon its rooms or stories.   Let the
loss fall upon what part or parcel it may, they must
make good their contract with Cromie.   True, their
*pro rata* might be larger, if only the portion not em-
braced in this policy should burn, than if the other
alone burned; for in the first case the contribution
would be by sevenths, and in the last by twelfths ; but
this results from *their* contract, and surely this insur-
ance company is not an underwriter for *them*.

The other insurers insist that the following is the
true mode of adjustment:—Deduct the loss on the
new building from the sum by them insured, and then
compute the loss on the old building as if the balance
left was the sum by them insured on the old building.
The objection to this mode is, as has been shown,
that the sum to be paid by this insurance company
is made to depend, not only on the burning of the
new building, but on the extent of that loss, although
her policy does not cover the new building.

Either mode is just to Cromie—for by either his
loss is made good to the extent of the sum insured.
The struggle is, to make one insurer pay a part of the
loss due from another, by such an adjustment as will
compel him to respond to a loss where he has not as-
sumed a risk.

The case of *Liscom vs. Boston Mutual Fire Ins. Co.* 9 *Met.* 205, seems to favor our position, and *Howard Ins. Co. vs. Scribner*, 5 *Hill*, 298, is claimed to be even stronger for Cromie. In this last case there was an insurance in the Ætna Company, on fixtures and stock together, for $5,000, and another in the Howard Company for $1,000, on fixtures, and $3,000 on stock. The Howard policy contained the usual clause of proportionate liability in the case of other insurance : Held, that the assured was entitled to recover the whole amount of the last policy without reference to the first. This decision is pointedly condemned by Phillips, 1 *Treatise on the Law of Insurance*, (3*d ed.*) 204; and seems to the writer to be a plain violation of common sense. If the fixtures alone had been destroyed, the Howard Insurance Company would have been liable for one-sixth only, and if the stock alone had been destroyed, she would have been liable for three-eighths only. Now, if these sums do not make up that for which she is liable when fixtures and stock are both destroyed, the whole is greater than its parts taken together. As to any hardship thus resulting to the assured, Phillips justly remarks that it is to be ascribed to his own folly, "and he must bear the inconvenience ; for, having agreed to a stipulation in a policy against double insurance, introduced for the benefit of both parties to that policy, it would be a violation of all principle that he should be permitted to defeat its operation in favor of the insurer, by the form of his contract with a third party." (*Ibid,*)

Without being apprised, so far as we know, of the decision in this case, Judge Pirtle, on the authority of Howard Insurance Company *vs.* Scribner, recently decided against our view of the law of this case; but he gave no reason, and it is very certain that *his mere opinion* is not entitled to more weight than Judge Bullock's and Phillips'. Phillips was not cited to him.

We ask an affirmance.

Chief Justice MARSHALL delivered the opinion of the Court—

This petition alleges that on the 26th day of May, 1851, Cromie, the plaintiff, took insurance from the defendants in the sum of $5,000, to continue six years, upon his building known as the Louisville Paper Mill, after having previously insured $2,000 on the same building, in the Howard Insurance Company, of New York, and $1,000 in the Ætna Insurance Company, of Hartford, Connecticut, as shown by entries made by defendants before their policy was delivered. That afterwards, in the year 1852, he erected an addition to said building, estimated at $4,000, and being desirous to increase the insurance to about $12,000 on the old building and the addition, he obtained insurance from the Protection Insurance Company to the amount of $2,000, on both the old and new building, and from the Columbia Insurance Company of Charleston for $2,000, covering the old and new building, and the Howard and Ætna Companies extended their policies so as to cover the new as well as the old. Of all which, the defendants, as he avers, were duly informed and consented thereto, and agreed that their policy should not be vitiated thereby, as appears by entries and indorsement on the same made by them. And that the entries as to the insurances by the Protection and the Commercial Insurance Companies, were made by defendants in November or December, 1852, after they had notice of the insurance in said companies, as above. The plaintiff further alleges that on the 26th December, 1852, the building insured by defendants, and also said addition were burnt—that he sustained loss on the former of at least $8,377 63, and on the latter of at least $1,122 37, that he notified said defendants of the loss on the 28th of December, 1852, and that they did not determine to re-build—under their privilege of so doing—nor paid said $5,000, but have

CROMIE
vs.
KY & LOU'VILLE
MU. INS. CO.

January 10.

CROMIE
*vs.*
KY. & LOU'VILLE
MU. INS. CO.

only paid $3,490 67, and refuse to pay more. Wherefore, he asks for a judgment for such part of said $5,000 as he may be entitled to, &c., and other proper relief.

1. The insured, where there are several policies covering the same property, is entitled to but one indemnity, which he may recover from any one, and those who pay must seek contribution from other insurers. (1 *Phillips on Ins. ed. of* 1823, *page* 326; 2 *Ib.* 224, 387 and 496.)

The policy executed by the defendants is referred to as filed with the petition, and makes a part of the record before us. It accords with the statement of it in the petition, except that the reference to the other policies does not state that they include the addition, or anything not covered by the policy of the defendants. But the petition states that the defendants were duly notified of the facts stated with respect to the other policies, and that they themselves made entry thereof upon their own policy, and it may be assumed that they were notified that the other policies covered the addition as well as the original building. The policy executed by the defendants contains, however, no stipulation for the apportionment of loss with the other insurers, or for any abatement on account of prior or other policies. And as it seems to be the rule that where there is no such stipulation, the insured, though entitled to but one satisfaction, may recover judgment against either set of insurers to the extent of the loss so far as covered by their policy, leaving them to claim contribution from the other insurers, it is immaterial to the result of the present action, and is only material as between the different insurers, or in a subsequent action against others, whether all the policies cover precisely the same property, or if they do not, what ratable portion of loss should follow each in case of the destruction of that property which is insured by all.

2. If there be a double insurance and part be recovered on one policy, the remaining loss may be recovered on another.

The rule as above stated is laid down by Phillips, in his work on Insurance, (*vol.* 1, *page* 326, *edition of* 1823,) as follows: "But if the subsequent policy contain no provision in respect to prior insurance, the amount of insurable interest for such policy will be the same as for the first, for the insured may insure again and again the same property if he will pay the premiums. But he can recover only one indemnity;

this he may recover against the first or subsequent underwriters, and those who pay the loss may be demand a proportionable contribution from other insurers." The doctrine is again referred to in the second volume, page 224 ; and in pages 387 and 496, it is explicitly stated that in case of double insurance, the assured may recover against any one set of underwriters, the whole amount insured by them, not exceeding that of the loss—and that either one who pays more than his proportion of the loss, may recover a ratable reimbursement from the others. And on the page last cited it is said again, that in case of double insurance, the assured may recover against either set of underwriters, the whole amount insured by them. But if a part has been recovered against one set, only the excess can be recovered against the others. And in *Ellis on Insurance*, *side page*, 13–14, as published in the 4th volume of the Law Library, it is said, that "even without a special condition of the policy, a party insured effecting a double insurance, can only recover the real amount of his loss, and if he sues one insurer for the whole, that insurer may compel the others to contribute their proportional parts ;" evidently implying that he may recover the whole from the one whom he sues.

Under the rule as laid down by these authors, for which reference is made to various adjudged cases cited by them, and which is entirely analagous to the principle commonly applied at law to cases in which several persons are bound in different instruments for the performance of the same thing, we are of opinion that the plaintiff in this case has a right to a judgment against the defendants for the whole amount of the loss covered by their policy, leaving them to settle with the other companies the proportions of the loss which ought to be borne by each, unless in the present case the plaintiff is willing and intends to limit his recovery to the sum for which the defendants, as between themselves and the other companies, would ultimately be liable as their propor-

CROMIE
*vs.*
KY. & LOU'VILLE
MU. INS. CO.

tion of the loss : of which there is certainly no decisive or sufficient indication in the petition. It follows, from the view we have taken of the rights of the plaintiff in this action, that the petition shows a right of action and of recovery for the difference between the sum paid by the defendants, and the entire amount of five thousand dollars, which they insured on the original building. And although we decline to determine in the present suit the proportions for which each of the companies is liable for the loss on the original building, which alone was insured by the defendants, while the other companies insured also the addition, we are of opinion that even if the plaintiff's recovery in this case should be restricted to the proportionate liability of the defendants on their policy, he has shown a right to recover from them more than five-twelfths of the amount of their policy, which is as much as they have paid ; and which would be the extent of their proportional liability if the original building alone were insured by all the policies, amounting in the aggregate to $12,000, without taking into consideration the loss falling upon the other insurers, on account of the additional building covered by their policies, and which has suffered detriment by fire to the amount of more than $1,100, which they must pay. The amount of this loss, at least, should be deducted from their policies, before their aggregate amount is brought into the calculation, by which the proportional liability of each is to be ascertained. Whether there should not be a greater deduction on account of their continuing liability for loss which may yet occur on the additional building covered by their policies, we need not and do not decide, nor, indeed, have we the necessary data for such a decision.

But, as in any view of the case, the petition shows a right of action and of recovery to some extent, it should have been adjudged good on demurrer, and

the court erred in sustaining the demurrer and render-
ing judgment against the plaintiff.

Wherefore the judgment is reversed and the cause
remanded, with directions to overrule the demurrer,
and for further proceedings.