422 So.2d 220 (1982)
Joseph TUFARO
v.
STANLEY BISHOP REAL ESTATE, INC., et al.
No. 13205.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1982.
*221 William L. Brockman, Bienvenue, Foster, Ryan & O'Bannon, New Orleans, for plaintiff-appellant.
Robert P. Hogan, Covington, for defendants-appellees.
Before KLEES, BYRNES and WARD, JJ.
KLEES, Judge.
On December 14, 1979, Joseph Tufaro allegedly sustained personal injuries while on commercial property owned and operated by Stanley Bishop Real Estate, Inc. Subsequently, he filed suit against the real estate company[1] and its liability insurer, Lincoln Insurance Company. Lincoln filed an answer in which it denied the allegations as to its liability and set forth certain policy exclusions that it contended were applicable to the claims of the plaintiff. Lincoln also filed a third party demand against Insured Lloyds. Lincoln alleged that Insured Lloyds was the liability insurer of Stanley Bishop for the particular type of claim asserted by the plaintiff, and should judgment be rendered against Lincoln, it demanded indemnity and/or contribution from Insured Lloyds.
Insured Lloyds filed an exception of no cause of action to the third party demand of Lincoln Insurance Company. The district court granted the exception and dismissed the third party demand against Insured Lloyds, with prejudice. Lincoln now appeals, contending that the district court committed error by maintaining the exception of no cause of action. We find no error and affirm.
The sole issue presented on appeal is whether the trial court correctly dismissed Lincoln Insurance Company's third party demand. Lincoln had impleaded Insured Lloyds under La.C.C.P. Article 1111 contending that Lloyds was liable for all or part of the principal demand against Lincoln. La.C.C.P. Article 1111 states in pertinent part:
"The defendant in a principal action by petition may bring in any person, including a co-defendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand."
Lincoln argues that there are viable theories under which it might have a cause of action against Insured Lloyds, and therefore the trial court should have allowed them to implead Lloyds under La.C.C.P. 1111.
The first theory offered by Lincoln is based on the right of contribution. The appellant argues that it clearly has a right to sue Insured Lloyds for contribution, citing Shaw v. New York Fire and Marine Underwriters, Inc., 252 La. 653, 212 So.2d 416 (La.1968). However, a careful reading of that case reveals that the appellant's reliance on it is misplaced. Shaw, supra, held that the insurer of a tort feasor may by third party demand enforce contribution against a joint tort feasor or his liability insurer (emphasis added). In the instant case, there are no joint tort feasors. We conclude, therefore that the Shaw case does not provide Lincoln Insurance Company with a cause of action against Lloyds based on contribution.
The second theory offered by Lincoln is based on the possibility that the insurance policies contain "pro-rata" clauses. The Third Circuit, in dicta, has stated that where pro rata clauses exist, the liability of both insurers with the insured and with each other is solidary. Wilks v. Allstate Insurance Company, 195 So.2d 390 (La.App. 3rd Cir.1967). In discussing the procedural consequence of this interpretation, the court concluded that any insurer can implead any other alleged insurer by third party demand. (See also Murry v. Bankers Fire and *222 Marine Insurance Company, 198 So.2d 532 (La.App. 3rd Cir.1967).
The district court rejected this approach because of an apparent conflict with two Fourth Circuit cases. In Fremin v. Collins, 194 So.2d 470 (La.App. 4th Cir.1967), two insurance companies provided uninsured motorist coverage to the plaintiff who was injured when struck by an uninsured motorist. One of the insurance companies attempted to implead the other for contribution. The second company filed an exception of no cause of action which was sustained by the trial court. In reviewing the decision of the trial court, this court carefully examined the civil code articles on joint, several and solidary obligations. It concluded that the two insurance companies were not solidary obligors, therefore there was no right of contribution. In Fremin, supra, the court stated at p. 474:
"In this case, the facts hereof disclose that each insurer contracted independently with the insured to provide coverage.... they are separate and distinct obligations and do not result in solidary liability between the obligors."
In Fasullo v. American Druggists' Insurance Co., 262 So.2d 810 (La.App. 4th Cir. 1972), writ denied 262 La. 1089, 266 So.2d 220 (1972), this court specifically discussed the effect of a pro rata clause. It held that the clause merely establishes a negative limitation of liability and does not set forth an affirmative right to obtain contribution from other companies. Therefore, the possible existence of pro rata clauses would not provide Lincoln with a right of action for contribution.
In Fasullo, supra, the court also concluded that the policies issued were distinct and separate. As such, they created only separate obligations, and the liability of the insurers were several. This obviated one insurer from obtaining contribution from the other insurer by a third party demand.
The third and final theory offered by Lincoln is based on subrogation. Lincoln contends that, in the event of payment, it would clearly have a right of action against Insured Lloyds. The appellant cites two federal cases in support of this theory: Phoenix Indemnity Company v. Marquette Casualty Company, 320 F.2d 486 (5th Cir. 1963), writ denied 376 U.S. 938, 84 S.Ct. 793, 11 L.Ed.2d 658; Commercial Standard Insurance Company v. American Employers Insurance Company, 209 F.2d 60 (6th Cir. 1954). As appellant points out in his brief, these two cases hold that the right or cause of action does not accrue until after payment is made. Since no payment has been made in this particular case, any cause of action based on subrogation does not yet exist, therefore a third party demand based on this theory should be dismissed.
Accordingly, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Service has never been made on Stanley Bishop Real Estate, Inc.