LOTTINGER, Chief Judge.
This case involves an insurer’s right to sue a fellow insurer to recover a portion of an amount paid in settlement of a claim for which both insurers allegedly provided coverage.
FACTS
On January 25, 1985, a tractor-trailer, driven by Daniel J. Landry, struck an automobile injuring the driver, Debra Labauve, and the four other occupants. Landry, an employee of Donald R. Bourg, Inc. (Bourg), was acting within the course and scope of his employment at the time of the accident. Bourg contracted with CS Industries (CSI) to haul CSI’s product in exchange for a fee. The tractor involved was owned by Bourg, and the trailer it was pulling was owned by CSI. CSI contracted with Insurance Company of North America (INA) to insure its trailer, and Bourg contracted with Canal Indemnity Company (Canal) to insure its tractor. The five occupants of the automobile brought suit against Landry, Bourg, CSI, Canal, and INA.
Canal and INA agreed that Canal would pay the settlement to the plaintiffs, and the two insurers would then litigate what portion INA owed. Canal paid $71,918.46 to the plaintiffs as a compromise, and the plaintiffs in turn released all defendants. Canal and INA stipulated that the amount of the settlement was reasonable.
Canal then asserted a cross claim against INA seeking reimbursement for half of the amount it paid in settlement. Canal argues that Landry is an insured under the INA policy and, because both INA and Canal are excess insurers and there is no primary insurance, Canal and INA are co-insurers. Furthermore, Canal argues that INA should pay one-half the settlement since both policies contain a pro rata clause[1] and both policies provide $1,000,000.00 in coverage.
INA responded to the cross claim by asserting a third party demand against Bourg and Landry alleging that INA and CSI were entitled to indemnity by virtue of an agreement signed by Bourg in which Bourg agreed to hold CSI harmless from any claims arising out of the performance of the hauling contract. INA further claims that Landry is not an insured under their policy.
TRIAL COURT
The trial court found that Canal had failed to state a cause of action, reasoning that pro rata clauses do not establish a cause of action but simply provide an affirmative defense enabling an insurer to limit its liability. The trial court further held that even if Canal had stated a cognizable cause of action, it would lose on the merits as the indemnity agreement between Bourg and CSI provided that Bourg would hold CSI harmless from any liability arising out of Bourg’s performance of the shipping contract.
ASSIGNMENTS OF ERROR
Canal appeals the ruling of the trial court assigning the following errors:
*997 1. The trial court committed manifest error in holding that Canal did not have a cause of action.
2. The trial court committed manifest error in holding that Canal alone should pay for the loss since it was the carrier under the hauling contract.
I
The initial hurdle which must be cleared by Canal in order to recover is to state a cause of action. In their cross claim Canal contends that INA is liable to it because Landry was negligent and an insured under INA’s policy.[2] In the concluding paragraph of their petition Canal prays for “reimbursement” from INA for one-half of the settlement paid to the plaintiffs. In their brief to this court, Canal asserts that its right to reimbursement is based in conventional subrogation by virtue of a subro-gation clause in Canal’s policy.[3]
INA’s position is that no cause of action exists in favor of an insurer who after payment seeks reimbursement based on pro rata clauses in both policies. The trial court agreed and held that an insurer does not have a cause of action for contribution or subrogation in a case to resolve pro rata payment of damages. In support of this proposition the trial judge relied explicitly on Tufaro v. Stanley Bishop Real Estate Company, Inc., 422 So.2d 220 (La.App. 4th Cir.1982) and implicitly on Fasullo v. American Druggists’ Insurance Co., 262 So.2d 810 (La.App. 4th Cir.), writ denied, 262 La. 1089, 266 So.2d 220 (1972).
In Tufaro, Lincoln Insurance Company filed a third party demand against Insured Lloyds alleging that Lloyds was also liable to the plaintiff for the claim at issue. The district court sustained Lloyds’ exception of no cause of action. The fourth circuit affirmed the trial court ruling and specifically rejected Lincoln’s argument that pro rata clauses create a right of contribution between insurers that may be enforced through a third party demand. 422 So.2d at 222. It is significant to note, however, that the court in Tufaro implicitly recognized Lincoln’s right to pursue a subrogation claim after payment was made.[4] The court stated: “Since no payment was made in this particular case, any cause of action based on subrogation does not yet exist, therefore a third party demand based on this theory should be dismissed.” 422 So.2d at 222. In the present case Canal has actually made payment and, as stated above, is subrogated to the rights of the insured.
In Fasullo, three insurers wrote policies insuring the same risk. One insurer, claiming it overpaid, filed a third party demand against the other two claiming contribution based on pro rata clauses in the policies. The trial court sustained the third party defendant’s exception of no cause of action. The fourth circuit affirmed this ruling holding that “[t]his [pro rata] clause merely establishes a negative limitation of liability and does not set forth an affirmative right to obtain contribution from other companies having coverage on the damaged property.” 262 So.2d at 814. In the present case, Canal’s claim is not based exclusively on the pro rata clauses but is based on its subrogation to the rights of the insured.
INA argues that Canal can be subrogat-ed only to the rights that existed in the plaintiffs (the injured occupants of the car) and since the plaintiffs released all defendants, including INA, Canal is precluded from asserting a cause of action. INA further argues that under prevailing Louisiana jurisprudence insurers have no independent cause of action to enforce pro rata clauses against other insurers. Finally, INA argues that a cross claim is an improp *998 er procedural vehicle to assert a claim of reimbursement because Canal’s petition does not assert that INA is directly liable to Canal.
La. Civ. Code art. 1825 defines subrogation as “the substitution of one person to the rights of another. It may be conventional or'legal.” In the present case Canal argues that they are conventionally subro-gated by virtue of their insurance contract. INA responds by pointing out that the plaintiffs released all defendants, including INA, and since one can only become subro-gated to the rights that exist in the subro-gor at the time of subrogation, Canal has no underlying right to which it can become subrogated. While this may be true with respect to the rights of the plaintiffs, more importantly in this action, Canal is subro-gated to the rights of the insured, Landry. With respect to the insurance contract, Canal (and allegedly INA) is obligated to Landry, the insured, to pay for damages for which he is liable. That is, Canal is the obligor and Landry is the obligee, and by virtue of payment of the settlement and the subrogation clause in their policy, Canal is subrogated to the rights of Landry as against INA, an alleged co-obligor.
Therefore, if Canal can establish ■ that Landry is an insured under the INA policy and can establish that Landry is liable for the injuries to the plaintiffs, Canal, as sub-rogee to the rights of Landry, has a cause of action against INA. This cause of action, if established, is derived from Landry’s ' right as against two obligors who owe the same performance. That is, if cast in liability, Landry, if an insured under both policies, had the right to enforce the pro rata clauses in the insurance contracts. This potential right of Landry’s existed at the time of payment by Canal and as such Canal acquired this right through conventional subrogation. We therefore conclude that Canal’s claim of reimbursement from INA based on subrogation to the rights of Landry states a cause of action.[5]
We will now address the propriety of the procedural vehicle utilized by Canal to assert its claim for reimbursement. A cross claim is defined by La.Code Civ.P. art. 1071 as, “a demand against a co-party arising out of the transaction or occurrence that is the subject matter of either the original action or a reconventional demand or relating to any property that is the subject matter of the original action.” It is evident from the plain meaning of this statute that a claim for reimbursement against a co-party may be asserted by cross claim. The subrogation claim asserted by Canal relates to property, the money paid in settlement, that is the subject matter of the original action and is therefore proper. Even if “cross claim” was not the proper title for the claim, the trial court should have allowed Canal the opportunity to amend its petition. La.Code Civ.P. arts. 865 and 934.[6]
In summary, with respect to the appellant’s first assignment of error, the trial court erred in holding that Canal did not *999 state a cause of action. With respect to that finding, we reverse. The trial court, however, went on to address the merits of Canal’s cross claim holding as follows:
The indemnity agreement between Bourg (the carrier) and CSI (the shipper) is clear and simple. Bourg was required to provide liability insurance for the contract operations and to hold CSI harmless from any liability arising out of the carrier’s performance.... To apply Canal’s interpretation of INA’s coverage — Bourg and Landry being insureds — would render the indemnity agreement between the parties totally null, void and without effect. This court cannot condone that result. It is simple to determine the intent of the parties, that Canal should pay for the loss as carrier under the hauling agreement. INA should not pay any amount since their insured, CSI, is not legally obligated to pay any amount.
II
In the insurance contract between INA and CSI, INA agreed to “pay all sums the insured legally must pay as damages.” Canal alleges that Landry and Bourg are insured under the INA policy. If Canal can substantiate that assertion, the indemnity agreement between CSI and Bourg would not serve to absolve INA from liability under the terms of its insurance policy. The indemnity agreement simply insulates CSI from liability arising from negligence on the part of Bourg. It does not, however, change the relationship created by contract between INA and other insureds under its policy. INA is not being called upon to pay a claim asserted against CSI, rather, it is being called upon to pay damages caused by a party allegedly an insured under its policy. The trial court’s ruling that the indemnity agreement between Bourg and CSI exempts INA from liability for the damage caused by other insureds under the terms of the policy is reversed.
Therefore, for the above and foregoing reasons the judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with the views expressed in this opinion.
REVERSED AND REMANDED

. The clause, present in both Canal’s and INA’s policy, provides that in the event other insurance exists each insurer will pay a pro-rated portion based on the respective limits of the policies.

. Paragraphs III, IV, VII, and VIII of Canal's cross claim.

. Canal’s policy contains the following clause: “In the event of any payment under this policy, the company shall be subrogated to all the insured’s rights of recovery therefor against any person or organization_”

.This interpretation of Tufaro is consistent with that of commentators. See McKenzie & Johnson, Insurance Law and Practice, section 231, p. 433 (1986), "The Fourth Circuit in Tufaro left open the possibility that an insurer who actually made payment to or on behalf of its insured could be subrogated to the insured's rights against another insurer....”

. It should be noted that there is a conflict among the circuits as to whether an insurer has a cause of action based exclusively on the existence of a pro rata clause. Cf. McKenzie & Johnson, Insurance Law and Practice, Section 231, p. 432-434. The fourth circuit, in Tufaro and Fasullo, held that no independent cause of action exists, while the third circuit, in State Farm Mutual Automobile Insurance Company v. Travelers Insurance Company, 184 So.2d 750 (La.App. 3rd Cir.), cert. denied, 249 La. 454, 455, 187 So.2d 439 (1966) and Lincombe v. State Farm Mutual Automobile Insurance Company, 166 So.2d 920 (La.App. 3rd Cir.), writ denied, 246 La. 904, 168 So.2d 820 (1964), would appear to allow the insurer to assert a cause of action to enforce pro rata clauses. As we have determined that a cause of action exists under the law of subrogation we do not feel it necessary to resolve this apparent conflict but, note that this court in Graves v. Traders and General Insurance Company, 200 So.2d 67 (La.App. 1st Cir. 1967), affirmed and amended on other grounds, 252 La. 709, 214 So.2d 116 (1968), stated that, “we concur in the result reached by our brothers in the Third Circuit in Lincombe and State Farm cases_” 200 So.2d at 77.

. La.Code Civ.P. art. 865 states: "Every pleading shall be so construed as to do substantial justice.”
La.Code Civ.P. art. 934 states, in part:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.