621 So.2d 1165 (1993)
PRUDENTIAL ASSURANCE COMPANY LIMITED and Other Certain Underwriters At Lloyd's
v.
LONDON & HULL MARITIME INSURANCE CO., LTD. and Other Certain Underwriters At Lloyd's and Highlands Insurance Company.
No. 92 CA 0180.
Court of Appeal of Louisiana, First Circuit.
April 6, 1993.
Richard M. Simses, Trial Atty., New Orleans, for plaintiff-appellant Prudential Assur. Co., TDD.
Paul G. Preston, New Orleans, for defendant-appellee Highlands Ins. Co.
Daniel J. Caruso, New Orleans, for Nicholas Collwyn Sturge-Underwriter Lloyd's London.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
*1166 LOTTINGER, Chief Judge.
This is an appeal by Prudential Assurance Company and "Other Certain Underwriters at Lloyd's" (hereinafter referred to singularly as Prudential) of trial court judgments maintaining peremptory exceptions raising the objection of no right of action filed by Nicholas Collwyn Sturge, on behalf of London & Hull Maritime Insurance Company and "Other Certain Underwriters at Lloyd's", and Highlands Insurance Company (hereinafter referred to as London & Hull, and Highlands, respectively). Coupled with London & Hull's and Highlands' objections of no right of action were objections of no cause of action. The trial court overruled these objections without comment and no party appeals this action.

FACTS
On June 7, 1989, one Anthony Landry sustained personal injury while working for a company called Kiva Construction Company. As a result of that accident, Mr. Landry and his wife Beatrice sued Kiva in Plaquemines Parish. The entire matter was handled by the protection and indemnity (P & I) insurers of Kiva. Following trial, but prior to judgment, the P & I underwriters, including Prudential who provided the excess P & I coverage, agreed to settle with Mr. and Mrs. Landry for $390,000.00. Prudential paid $231,915.47 of the settlement with the balance of the primary P & I limits making up the remainder of the settlement funds. The primary P & I insurer is not a party to this case.
Prudential's petition alleges that at the time of these events there were two other policies of insurance to respond for this loss: one issued by Highlands which was the primary employer's liability insurer, and an excess policy issued by London & Hull which provided excess employer's liability coverage. Prudential, however, has not introduced any policy of insurance into the record to substantiate these allegations. Prudential's lawsuit is an attempt to recover all or part of what it paid in settlement of the Landry case from these two defendants.
On July 30, 1991, London & Hull filed a peremptory exception raising the objections of no cause of action and no right of action. Highlands filed an identical exception on August 19, 1991. On October 4, 1991, the trial court heard oral arguments on both exceptions. The trial court sustained both defendants' objections of no right of action, but overruled the objections of no cause of action.

ASSIGNMENT OF ERROR
Prudential assigns as error the following:
The Trial Court erred in granting defendants' Exception of No Right of Action as the petitioners clearly had a legal interest to institute the action against the defendants.

DISCUSSION
Prudential paid a claim it alleges others also owed. Thus, Prudential claims to be the subrogor in this case. Legal subrogation takes place when an obligor pays a debt he owes with others or for others and who has recourse against those others as a result of the payment. La.Civ. Code arts. 1804 and 1829(3); Great Southwest Fire Insurance Company v. CNA Insurance Companies, 557 So.2d 966, 968 (La.1990). In its petition, Prudential alleges that it is entitled to recover from Highlands and London & Hull as follows:

12.
[Prudential] contend[s] the insurance policies issued by defendants, Highlands Insurance Company and London & Hull and the other listed carriers, as primary and excess maritime employer's liability carriers of Kiva, provide coverage for all claims under the Jones Act, and as such, defendants are co-insurers with petitioners. Moreover, counsel for Highlands Insurance Company and London & Hull and the other listed carriers were on notice as to their potential exposure for claims under the Jones Act, but refused to contribute to the settlement.

*1167 13.
Therefore, [Prudential is] entitled to recover from defendants, Highlands Insurance Company and London & Hull and the other listed carriers, as co-insurers for the amount of their liability as the respective interests of all co-insurers may appear.
The focus of the peremptory exception raising the objection of no right of action, in this case, is Prudential's identity as the proper claimant, assuming the existence of a valid cause of action. It is clear from an examination of the record that the trial court did err in finding that Prudential is not a proper party in interest to assert a claim of legal subrogation by which, via contribution, it seeks recovery against Highlands and London & Hull of a portion of the payment made to the Landry's. See Bruce V. Schewe, Debtors In Solido: On Plain Language and Uncertainty with Mention of the Revocatory Action, 32 Loy. L.Rev. 13, 13-38 (1986), for an instructive discussion of the law in this area, and why Fasullo v. American Druggists' Insurance Co., 262 So.2d 810 (La.App. 4th Cir.), writ denied, 262 La. 1089, 266 So.2d 220 (1972) is no longer "good law" if, indeed, it ever was in the First Circuit.
It is also clear that the trial court overruled the exception raising the objection of no cause of action. Therefore, even though the trial court's oral reasons for judgment indicate that the court probably meant to overrule the objection of no right of action and sustain the objection of no cause of action, for the reasons assigned, it did not do so. These aspects of the judgments appealed have not been challenged and are not before us. Thus, Prudential must be allowed to proceed with its cause of action.

CONCLUSION
Therefore, for the above and foregoing reasons the judgment of the trial court is REVERSED and this cause is REMANDED for further proceedings. Costs are assessed against the appellees.
REVERSED AND REMANDED.