IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-30294

JAMES STANFIELD

Plaintiff

v.

ISLAND OPERATING COMPANY, INC; ET AL

Defendants

-----------------------------------------------------------------------------------------------------------------

OMEGA NATCHIQ, INC

Third-Party Plaintiff -
Cross Defendant- Appellant

v.

TRAVELERS INSURANCE, CO.

Third-Party Defendant -
Cross Claimant-Appellee

Appeal from the United States District Court for the Eastern District of
Louisiana, Civil Action No. 06-2323

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This suit presents an appeal from a district court order requiring a construction contractor to indemnify the insurer of a company owning offshore wells and platforms for the costs of defending the company against a suit brought by one of the contractor's employees. For the following reasons, we AFFIRM.

I

Merit Energy Company contracted with Appellant, Omega Natchiq, Inc., to perform construction repairs on Merit's platforms in the Gulf of Mexico. Their relationship was governed by a Master Service Agreement in which Omega agreed to "fully and unconditionally release, protect, defend, indemnify, and hold harmless the indemnified Merit Parties and their respective insurers" from any claims of illness, injury, or death of any Omega employees arising out of the contract work.

An Omega employee, James Stanfield, in the course of his work under the contract, allegedly sustained injuries when he struck a pole on the platform deck while being transferred from a vessel to the platform by way of a personnel basket suspended from a crane. Stanfield sued Merit. Merit moved for and was granted summary judgment, the district court finding that Merit was neither vicariously nor directly liable for Stanfield's alleged injuries.

Merit's cost of defense, $62,438.86, was borne by Merit's insurer, Appellee Travelers Insurance. Merit, at the outset of the suit, demanded that Omega provide for its defense pursuant to the Master Service Agreement. Omega,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

however, refused, pointing to the Louisiana Oilfield Anti-Indemnity Act.[1] Courts have interpreted the Act to prohibit a well owner from demanding indemnity from a contractor if there is any negligence or fault on the part of the owner.[2] Accordingly, Travelers, as Merit's primary insurer, shouldered the cost of defense. After summary judgment was entered finding Merit faultless, Travelers sought indemnity from Omega.[3] The district court granted Travelers' summary judgment motion, awarding the $62,438.86 in defense costs. Omega appeals and we review de novo.[4]

## II

Omega contends on appeal, as it did at the district court, that despite the indemnity clause in the Master Services Agreement, Omega and Merit's insurer, Travelers, were solidary obligors under Louisiana law, each liable to pay Merit's defense in its entirety, but between themselves each liable for one-half.[5] The district court disagreed, finding that Omega and Travelers were not solidary obligors because their obligations differed:

> Travelers' obligation and duty to its insured is broad. It is to pay for the defense of its insured on the main demand . . . . On the other hand, Omega's obligation is much narrower. Omega

---

[1] LA. REV. STAT. ANN. § 9:2780 (2005).

[2] Meloy v. Conoco, Inc., 504 So.2d 833, 838–39 (La. 1987) ("Therefore, we conclude that LA.R.S. 9:2780 nullifies completely any provision in any agreement that requires defense and/or indemnification where there is any negligence or fault on the part of the indemnitee.").

[3] Id. at 839 ("If it is established at trial that there is no 'negligence or fault (strict liability) on the part of the indemnitee,' the Act does not prohibit indemnification for cost of defense.").

[4] See Parm v. Shumate, 513 F.3d 135, 142 (5th Cir. 2007).

[5] See LA. CIV. CODE ANN. art. 1794 ("An obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee."); LA. CIV. CODE ANN. art. 1804 ("Among solidary obligors, each is liable for his virile portion. If the obligation arises from a contract or quasi-contract, virile portions are equal in the absence of agreement or judgment to the contrary. . . .").

> is to pay the indemnitee's defense costs if and only if, a finding is made that the indemnitee is free from fault.[6]

Because of this timing difference as to when the obligations of Omega and Travelers arose, the district court found that they were not solidary obligors; that on paying Merit's cost of defense, Travelers became subrogated to the rights of Merit, and under the Master Services Agreement entitled to recover from Omega the full costs of defending Merit.

We review the district court's application of Louisiana law, without considering whether general maritime law applies, because this case involves analysis of a contract regarding repair work on an fixed structure and because the parties do not contend that maritime law applies.[7] We hesitate to adopt the district court's reasoning for finding Omega and Travelers were not solidarily obligated to pay Merit's defense. Louisiana law is less clear on the matter than the district court order found. There are decisions from Louisiana appellate courts holding that separate insurers, liable to the same insured and for the same coverage, are[8] and are not[9] solidary obligors. And, in Louisiana "an

---

[6] Stanfield v. Island Operating Co., No. 06-2323, 2007 WL 3408285, at *3 (E.D. La. 2007).

[7] We have interpreted the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333(a)(2)(A), to provide for the assimilation of state law—here the Louisiana Oilfield Anti-Indemnity Act—to OCSLA cases when three factors are met: "(1) The controversy must arise on a situs covered by OCSLA (i.e. the subsoil, seabed, or artificial structures permanently or temporarily attached thereto). (2) Federal maritime law must not apply of its own force. (3) The state law must not be inconsistent with Federal law." Hodgen v. Forest Oil Corp., 87 F.3d 1512, 1523 (5th Cir. 1996) (citing Union Tex. Petroleum Corp v. PLT Eng'g, 895 F.2d 1043, 1047 (5th Cir. 1990). In Hodgen, a case presenting similar facts to those present here, we found the factors satisfied: there was a contract for the operation and maintenance of a fixed platform, a contract employee was injured when swinging from the platform to a vessel, and the Louisiana Oilfield Indemnity Act was found not inconsistent with federal law. Hodgen, 87 F.3d at 1527–29.

[8] Great Southwest Fire Ins. Co. v. CNA Ins. Co., 557 So.2d 966, 968 (La.1990); Hobbs v. Teledyne Movible Offshore, Inc., 632 F.2d 1238, 1241–42 (5th Cir. 1980).

[9] Tufaro v. Stanley Bishop Real Estate, Inc., 422 So.2d 220, 221–22 (La. App. 4th Cir. 1982); Fremin v. Collins, 194 So.2d 470, 473–74 (La. App. 4th Cir. 1967).

obligation may be solidary though for one of the obligors it is subject to a condition or term."[10] Put plainly, the fact that an obligation may not be enforced against one obligor until a condition is fulfilled does not necessarily preclude solidarity between it and another obligor which is immediately liable.[11]

But we need not resolve whether Omega and Travelers were solidary obligors to decide this case. By the clear language of the Master Services Agreement, Omega is liable for Merit's defense costs whether or not Omega and Travelers are solidary obligors. If Omega and Travelers are solidary obligors, virile apportionment is merely a presumption and parties may agree to apportion liability differently.[12] That is the case here, as Omega agreed to "unconditionally release, protect, defend, indemnify, and hold harmless" Merit's insurers in precisely the situation presented. If, on the other hand, Omega and Travelers are not solidary obligors, Travelers, after paying for Merit's legal defense, became conventionally subrogated to Merit's right to enforce the

---

[10] LA. CIV. CODE ANN. art. 1798.

[11] See S. Litivinoff, The Law of Obligations § 7.69 in 5 LOUISIANA CIVIL LAW TREATISE (2d ed. 2001). These principles may have been at play in Great Southwest Fire, 557 So.2d at 966–69, where the Louisiana Supreme Court held that an insured's primary liability insurer and its excess liability insurer were solidarily obligated for the portion of a judgment against the insured that was in excess of the primary policy and that was caused by the primary insurer's bad faith failure to settle. The primary insurer's liability for the excess portion of the judgment did not arise until it was found to be the cause of the excess liability, yet the court nevertheless found both insurers solidarily obligated for the excess portion. Id.

[12] See Great Southwest Fire, 557 So.2d at 969; Litivinoff, supra note 11, § 7.78.

indemnity clause in the Master Services Agreement.[13] Either way, Omega must honor its contractual obligation to indemnify Merit's insurer. AFFIRMED.

---

[13] See LA. CIV. CODE ANN. art. 1827 ("An obligee who receives performance from a third person may subrogate that person to the rights of the obligee, even without the obligor's consent."); A. Copeland Enters., Inc. v. Slidell Mem'l Hosp., 657 So.2d 1292, 1297–98 (La. 1995); Cont'l Cas. Co. v. Canadian Universal Ins. Co., 605 F.2d 1340, 1344–45 (5th Cir. 1979) ("[Subrogation] applies whether the parties are primary or, as here, secondary obligors, and to suretyship situations. Therefore, if Continental Casualty discharged the duty owed by Canadian to Continental Diving . . . then Continental Casualty is subrogated to the rights of Continental Diving.") (internal citation omitted).