212 So.2d 416

Max E. SHAW

v.

**NEW YORK FIRE & MARINE UNDER-
WRITERS, INC., et al.**

Nos. 49063, 49064.

June 28, 1968.

Thomas & Friedman, for applicant (49,-063).

John P. Godfrey, Many, Mayer & Smith, Shreveport, for respondents (49,063).

Mayer & Smith, Shreveport, for applicant (49,064).

John P. Godfrey, Many, Thomas & Friedman, for respondents (49,064).

SANDERS, Justice.

Max E. Shaw, a guest passenger in an automobile driven by Lonnie J. DeLatin, was injured when his host collided with an automobile driven by Gary S. Rieck. Shaw brought a direct action for damages against Liberty Mutual Insurance Company, DeLatin's liability insurer, and New York Fire and Marine Underwriters, Inc., the liability insurer of the other driven. New York Fire filed a third party demand for contribution against its co-defendant Liberty Mutual.

DeLatin and Liberty Mutual brought a separate suit for damages against New York Fire. This suit was consolidated with that of Shaw for trial.

The trial judge found the drivers of the two vehicles concurrently negligent. Hence, he dismissed the DeLatin suit against New York Fire. In Shaw's suit against the two insurers, the trial judge rendered judgment in favor of the plaintiff for $15,000.00, with legal interest from judicial demand, casting Liberty Mutual for its policy limits of $10,000.00 and New York Fire for its policy limits of $5,000.00, without the benefit of further contribution between them.

Both defendants appealed, assigning as an error the denial of further contribution.

The Court of Appeal affirmed the judgment of the district court. La.App. 204 So.2d 687. On application of the defendant insurers, we granted limited certiorari to review the issue of contribution between the insurers. 251 La. 866, 206 So.2d 714.

New York Fire maintains the lower court erred in denying its third party demand against its co-defendant for contribution of one-half of the $5,000 judgment against it, relying upon Article 2103 of the Louisiana Civil Code.

Liberty Mutual submits the insurers should be cast *in solido* for $5,000.00, the policy limits of New York Fire, with right of contribution. The court, it then submits, should award the plaintiff an additional $5,000.00 against Liberty Mutual, to exhaust its policy limits of $10,000.00.

Plaintiff Shaw, on the other hand, defends the lower court judgment. He maintains he is entitled to recover his full damages of $15,000.00, since the combined coverage of the two policies is in that amount. He postulates that if the insured drivers had been joined as defendants, the plaintiff would have recovered $15,000.00 from the insurers under their policies.

The question posed is whether in this direct action against the insurers alone, the court erred in denying further contribution. We think not.

▬ Joint tort feasors are liable *in solido* for the damages caused by them.

LSA–C.C. Art. 2324; Smith v. Southern Farm Bureau Casualty Ins. Co., 247 La. 695, 174 So.2d 122; Cust v. Item Co., 200 La. 515, 8 So.2d 361; Reid v. Lowden, 192 La. 811, 189 So. 286.

Had the insured drivers been joined as defendants in the present suit, the plaintiff would have received a solidary judgment against them for his full damages. Conformably with the general rule in direct actions, the liability of each insurer to the injured plaintiff would be for the same amount as its insured might recover under the policy if the insured had paid the judgment in full. 7 Am.Jur.2d, Automobile Insurance, § 212, p. 557. Each of the insurers would be liable to plaintiff for its policy limits. Hence, the contested judgment places the two insurers in the identical situation they would have been if the insured drivers were co-defendants.

The insurers maintain, however, the plaintiff elected to bring the suit against the insurers alone. In this situation, they reason, the contribution statute requires a solidary judgment against the insurers for $5000.00, leaving only a residual coverage of $5000.00 under the policy of Liberty Mutual.

Article 2103 of the Louisiana Civil Code provides:

"When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.

"A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff."

Under the Direct Action Statute, the insurer is liable to the claimant *in solido* with its insured. LSA–R.S. 22:655. When the insurer is sued alone, it stands in the shoes of its insured for purposes of contribution. Thus, the insurer of a tort feasor may by third party demand enforce contribution against a joint tort feasor. LSA–C.C.P. Art. 1111; LSA–C.C. Art. 2103; Smith v. Southern Farm Bureau Casualty Ins. Co., supra. By the same token, the insurer may also demand contribution of the insurer of a joint tort feasor.

When, as here, the demand for contribution is by one insurer against the

other insurer, the court must take into account the policy limits of each insurer. An insurer's total contribution to the judgment cannot exceed its policy limits.

 Because of the policy limits in the present case, if the court enforces contribution in the manner demanded, the plaintiff's recovery will be reduced to $10,000.00, though the actual debt is $15,000.00. Hence, defendants' plea for contribution is in effect a demand to fragmentize the obligation to the prejudice of plaintiff.

Article 2103 makes it quite clear that the division of the obligation and limitation to virile portion liability are effective only as "between the solidary debtors." The Article deals with the relationship between the debtors; it contemplates no prejudice to the creditor. As to the creditor who has released none of the debtors, each solidary debtor is liable for the whole of the debt. See LSA–C.C. Article 2094. Hence, the enlargement of contribution proposed here must be rejected.

The effect of the judgment below was to cast each insurer for the legal liability of its insured within the terms and limits of its policy. See LSA–R.S. 22:655. We conclude the judgment is correct.

For the reasons assigned, the judgment of the Court of Appeal is affirmed.