326 So.2d 390 (1976)
Linzie M. MORSE et ux., Plaintiffs and Appellants,
v.
HARTFORD CASUALTY INSURANCE COMPANY et al., Defendants and Appellees.
No. 5324.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1976.
*391 Stockwell, Sievert & Viccellio, by Robert W. Clements, and John S. Bradford, Lake Charles, for defendants and appellants.
Jones, Kimball, Patin, Harper, Tate & Wetherill by Gregory P. Massey, and Kenneth Spears, Lake Charles, for third party defendant and appellee.
Before HOOD, GUIDRY and PETERS, JJ.
GUIDRY, Judge.
Third party plaintiff, State Farm Mutual Insurance Company, appeals the dismissal of its third party demand against Hartford Casualty Insurance Company on a filed exception of jurisdiction which was changed by the the trial court to an exception of no right of action.
The instant proceeding stems from an automobile accident that occurred in the State of Texas on or about December 12, 1972. In this suit Edna D. Morse joined by her husband, Linzie M. Morse, seeks to recover damages for personal injury sustained by the said Edna Morse in the aforesaid accident. Both plaintiffs are residents of Louisiana. At the time of the accident, Edna Morse was a guest passenger in a vehicle being driven by Geraldine L. Keever, and owned by Steve Keever, both residents of the State of Louisiana. State Farm Mutual Insurance Company was the insurer of the Keever vehicle. The other vehicle involved in the accident was a truck owned by Craig & Waters, Inc., a Texas corporation, not authorized to do nor doing business in the State of Louisiana. The truck was being operated by one, Jessie Farmer, a resident of the State of Texas. Hartford Casualty Insurance Company is the insurer of the Craig & Waters vehicle under a policy of liability insurance issued in the State of Texas. Plaintiff joined as defendants State Farm Mutual Insurance Company and Hartford Casualty Insurance Company.
Hartford Casualty Insurance Company (hereafter referred to as Hartford) excepted to the jurisdiction of the trial court based on the provisions of LSA-RS 22:655. The exception was maintained by the trial court on March 20, 1974 and a judgment was rendered dismissing Hartford as a party to the action. This decision was appealed to this court and on March 16, 1974, this court affirmed the dismissal of Hartford, *392 not on the exception of jurisdiction[1] but on this basis that the plaintiffs had no right of action against Hartford under LSA-RS 22:655 determining that:
"The Direct Action Statute, LSA-RS 22:655, does not grant a right of action to a Louisiana resident against an insurance company doing business in Louisiana when (1) the accident occurs in another state, and (2) the insurance policy sued upon was issued in another state." (Morse v. Hartford Casualty Insurance Company, 301 So.2d 741, La. App.3d Cir., 1974).
Hartford was brought back into the suit by State Farm Automobile Insurance Company (hereafter referred to as State Farm) on a third party demand for contribution. In its third party demand State Farm alleges that if it is liable to plaintiff in the main, then Hartford is solidarily liable with State Farm and the latter is entitled to contribution from the former.
Once again, Hartford excepted to the jurisdiction of the court but the trial court, on this occasion, changed the exception from one lack of jurisdiction to an exception of no right of action and dismissed the third party action on June 30, 1975. The trial court gave no reasons for sustaining the exception of no right of action. State Farm is now appealing the ruling of the trial court.
State Farm complains that the trial court erred in changing the filed exception of jurisdiction to one of no right of action and then dismissing its third party demand.
If the record discloses no right of action or interest in the third party plaintiff to institute the third party demand the trial court may make such determination on its own motion. LSA-CCP. Art. 927.
A more difficult issue is whether third party plaintiff does in fact have a right of action under the circumstances of this case. State Farm admits that its right of action is not based on the direct action statute (LSA-RS 22:655) but asserts that it has a right of action against Hartford for contribution in the event it is found liable to the plaintiffs under Louisiana Civil Code Articles 2092, 2094, 2103 and 2324. State Farm asserts that since Hartford is subject to Louisiana jurisdiction, if it can be established that the parties insured by both State Farm and Hartford are joint tort feasors then the insurers being solidary obligors State Farm may enforce contribution from Hartford without joinder of is non-resident insured. Shaw v. New York Fire & Marine Underwriters Inc., 252 La. 653, 212 So.2d 416, (1968); Wilks v. Allstate Insurance Company, 195 So.2d 390 (La.App. 3rd Cir. 1967).
For the reasons more fully hereinafter set forth we hold that absent the applicability of the Direct Action Statute the right of an injured party or his subrogee to maintain an action against the tort feasor's insurer may be conditioned upon, as prerequisite, the final determination by judgment or written agreement of its insured's liability to the injured party, and if so conditioned no right of action will lie against the insurer for damages or contribution until such determination is made.
We agree that under the holdings of the cited cases, and Hidaglo v. Dupuy, 122 So.2d 639 (La.App. 1st Cir. 1960) the issuance of a policy of insurance which obligates the insurer to pay the damages for which the insured may be cast creates a solidary obligation. We must also agree that in Shaw v. New York Fire and Marine Underwriters Inc., supra, the court allowed the insurer of an alleged joint tortfeasor to seek contribution against the insurer of the other alleged joint tortfeasor, without joining as a party to the suit the alleged joint tortfeasors.
*393 The court stated as follows in Shaw:
"Under the Direct Action Statute, the insurer is liable to the claimant in solido with its insured. LSA-R.S. 22:655. When the insurer is sued alone, it stands in the shoes of its insured for purposes of contribution. Thus, the insurer of a tort feasor may by third party demand enforce contribution against a joint tort feasor. LSA-C.C.P. Art. 1111; LSA-C.C. Art. 2103; Smith v. Southern Farm Bureau Casualty Ins. Co., supra. By the same token, the insurer may also demand contribution of the insurer of a joint tort feasor."
The essence of the court's ruling in Shaw is that "things equal to the same thing are equal to each other". It is important to remember that in Shaw the Louisiana Direct Action Statute (LSA-R.S. 22:655) was applicable. Although we agree with the holdings in the cited cases we conclude that absent the applicability of the Direct Action Statute in order for an insurer of one joint tortfeasor to enforce contribution from the insurer of another joint or tortfeasor, it must be established that the insurer from whom contribution is sought is bound unconditionally with its insured in solido.
In the case of Hidalgo v. Dupuy, supra, the court in speaking to the purpose and effect of the Louisiana Direct Action Statute stated as follows:
"In our view, the Direct Action Statute does not convert into a solidary liability the obligation of the insurer to pay the damages for which the insured may be cast, for by virtue of the contract it is already such. The statute simply voids any policy clause which conditions the right of the injured person to enforce against the insurer its contractual obligation to pay the insured's debt upon, as prerequisite, the obtaining by the injured person of a judgment against the insured. That the insurer's obligation is so conditioned does not, as previously stated, prevent its being solidary. LSA-C.C. Art. 2092." (Emphasis supplied).
As aforesaid, we agree that under Hildago v. Dupuy, supra, a solidary obligation between the insured and its insurer exists as a result of an insurance contract even though it contain a "no action" clause. However, we point out that in Hidalgo it was also clearly recognized that an obligation, although solidary, could be conditioned on the happening of some contingency (LSA-C.C. Art. 2092) and that if so conditioned, as in the case of an insurance contract containing a "no action" clause, absent the application of LSA-R.S. 22:655, the clause must be given effect.
In speaking to the effect of a "no action" clause in a policy of liability insurance the following is found in 44 American Jurisprudence 2nd, Sec. 1585:
"As definitive of the rights and liabilities created thereunder, liability policies frequently contain a clause commonly known as a `no action' clause, the purpose of which, generally speaking, is to withhold any liability on the part of the insurer until the happening of a certain contingency. The form of `no action' clause now in common use provides that no action shall be brought against the insurer until after the determination of the liability of the insured by a final judgment or by an agreement entered into between the insurer, the insured, and the claimant. Where a liability policy contains this type of clause, the courts in numerous cases have denied to the injured person the right to maintain an action against the insurer, either severally or jointly with the insured, before the recovery of a judgment against the insured, or a determination of the liability of the insured by an agreement between the insurer, the insured, and the injured *394 person. This rule has been applied even in cases where no judgment could be obtained against the insured, as where by reason of his absence from the jurisdiction he could not be served with process, or where by reason of being a governmental agency or the like, it could not be held legally liable to the injured person."
In the instant matter it has been admitted that Hartford did issue a policy of liability insurance to Craig & Waters. The issuance of this policy of insurance created a solidary obligation between Hartford and Craig & Waters, however the enforcement of Hartford's obligation may be conditioned upon the insured's obligation to pay being finally determined by judgment or written agreement entered into between the insurer, the insured, and the claimant, a condition which would be viable and enforceable under the circumstances of this case. We presume that the policy does contain such a clause for otherwise plaintiffs (The Morses) would have a right of direct action against Hartford even though the Direct Action Statute be inapplicable. The policy of insurance issued by Hartford to Craig & Waters not being part of the record we are unable to determine whether State Farm has a right of action to demand contribution.
For the foregoing reasons the judgment of the District Court sustaining the supplied exception of no right of action is reversed and this matter is remanded to that court for the introduction in evidence of the policy of insurance issued by Hartford to Craig & Waters with directions that the exception be reconsidered in light of this additional evidence and consistent with the views herein expressed. All costs of this appeal to be borne by Hartford, third party defendant, costs of the trial court to await a final determination of this matter.
Reversed and remanded.
NOTES
[1] In Morse we held that since Hartford was qualified to do business in Louisiana such constituted sufficient "minimum contact" to confer jurisdiction on Louisiana Courts over it.