SCHOTT, Judge.
This case is an appeal following a remand from this court in Geraci v. Southern Scrap Material Co., Ltd., 425 So.2d 916 (La.App. 4th Cir.1983). In that case we affirmed the trial court judgment on the main demand awarding plaintiff $17,500 in damages resulting from the April 11, 1977, rear-end collision of his truck by a tractor-trailer driven by an employee of Southern Scrap Material Co., Ltd. The portion of the original trial court judgment dismissing the third party demand of the Hertz Corporation, insurer of the tractor and driver, against North-West Insurance Company, insurer of the trailer, was reversed and remanded to determine whether Hertz’s policy of self-insurance contained a proration clause. The sole issue in this appeal is whether the trial court properly dismissed Hertz’s third party demand for contribution.
In regard to the third party demand at issue, our original opinion in this matter was principally concerned with Hertz’s right to receive contribution from NorthWest considering the provisions of the Hertz rental agreement and the NorthWest insurance policy. Although we concluded that Hertz and North-West became co-primary insurers once the tractor and trailer were joined as a unit, relying on Aetna Cas. & Sur. Co. v. Hertz Corp., 366 So.2d 1362 (La.1978), we remanded the case to determine whether the “specimen copy of a Basic Automobile Liability Policy” referred to in the Hertz rental agreement contained a proration clause. Presumably, this clause would have allowed the court to determine what amount of contribution Hertz was entitled to receive.
At the hearing on remand Hertz was unable to produce the specimen copy referred to in the rental agreement. Instead, Hertz offered the testimony of Louis Jordan, an executive secretary with the Louisiana Insurance Commissioner’s Office, to the effect that the Commissioner’s Office *79 does have an approved standard Basic Automobile Liability and Physical Damage form which could have been applicable to the tractor-trailer as of 1977 and which contains a proration clause. Hertz contends that since they are a qualified self-insurer subject to the jurisdiction of the Department of Public Safety, they relied upon the Insurance Commissioner’s Office to supply a basic automobile liability policy conforming to Louisiana law. More specifically, Hertz argues that since Mr. Jordan testified that the approved state insurance form contains a proration clause and that no company in the last six years has submitted a policy which did not contain such a clause, the basic automobile liability policy referred to in the Hertz rental agreement must also contain a proration clause.
We must initially refer to the language of the Hertz rental agreement which provides in pertinent part:
“Lessor provides liability coverage for customer and any authorized operator ... in accordance with the standard provisions of a Basic Automobile Liability Policy under a policy of insurance or as a qualified self-insurer against liability arising from use of the vehicle with limits as follows [limits were stated] ... A specimen copy of a Basic Automobile Liability Policy is. available for inspection at the main office of lessor.” (Emphasis added)
In the language of the aboye'agreement, Hertz acknowledges the existence of a specimen copy of their insurance policy. Additionally, Hertz’s own witness testified that although Hertz, a self-insurer, would not be required to file a copy of their policy with the Insurance Commissioner’s Office, such a document would have to be filed with the Department of Public Safety. Despite this evidence, Hertz failed to produce a copy of their insurance policy.
Since Hertz is contending that their policy contained certain provisions material to this claim for proration, they are required to produce the original policy, or if unavailable, a reliable and accurate copy thereof. Fidelity National Bank v. Jack Neilson, Inc., 248 So.2d 412 (La.App. 4th Cir.1971). The approved policy which the Commissioner’s Office suggests a company should use cannot speak for what may have been contained in the Hertz policy.
Even assuming arguendo that Hertz was entitled to rely on the State to provide the contents and terms of their self-insurance, the testimony of Jordan revealed that the proration clause contained in the standard Louisiana form was an optional clause which may or may not have been included in the Hertz policy. Although Jordan’s testimony revealed that for the last six years no company had submitted a policy for approval of the Insurance Commissioner which excluded a proration clause, Jordan also remarked that no one had jurisdiction over a self-insured except the Department of Public Safety.
A review of the statutory law in this area reveals that Jordan’s testimony is correct. Under the Motor Vehicle Safety Responsibility Law, the Commissioner of the Department of Public Safety of Louisiana has the authority to issue a certificate of self-insurance. LSA-R.S. 32:851, et seq. R.S. 32:897(4) states that whenever proof of financial responsibility is required, such may be given by filing:
“A certificate of self-insurance, as provided in R.S. 1042, supplemented by an agreement by the self-insurer that with respect to accidents occurring while the certificate is in force, he will pay the same judgments and in the same amounts that an insurer would have been obliged under an owner’s motor vehicle liability policy if it had been issued such a policy to said self-insurer.” (Emphasis added)
LSA-R.S. 32:900 defines a “Motor Vehicle Liability Policy” and states what terms are to be included in such a policy. Subsection I of this statute provides that “Any motor liability policy may provide for the prorating of the insurance thereunder with other valid and collectible insurance.” (Emphasis added) Clearly, the use of the word “may” denotes the optional nature of *80 a proration clause in a motor vehicle liability policy. Thus, even if the terms of LSA-R.S. 32:900 were applicable to Hertz as a self-insured, we could not enforce the pro-ration provision.
Accordingly, we hold that Hertz Corporation is not entitled to proration in their claim for contribution. However, Hertz is entitled to whatever contribution it can claim from North-West as an insólido debt- or under LSA C.C. Art. 2103. See Shaw v. New York Fire and Marine Underwriters, Inc., 252 La. 653, 212 So.2d 416 (1968).
Accordingly, the judgment dismissing the third party demand is reversed and set aside, and there is judgment in favor of Hertz Corporation and against North-West Insurance Company for fifty (50%) percent of the amount owed to plaintiff under the judgment on the main demand.
REVERSED AND RENDERED.