579 So.2d 1090 (1991)
LIBERTY MUTUAL INSURANCE COMPANY
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 90-CA-0800.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1991.
Rehearing Denied June 18, 1991.
*1091 Lawrence J. Ernst, Charles M. Lanier, Jr., Christovich & Kearney, New Orleans, for plaintiff.
C. Gordon Johnson, Jr., John A. Kopfinger, Jr., Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendant.
Before BARRY, CIACCIO and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Liberty Mutual appeals the trial court's granting State Farm's motion for summary judgment and the dismissal of Liberty Mutual's petition for indemnity. For the reasons that follow, we reverse and remand.
On November 3, 1982, Gary Merringer, ("Merringer"), was involved in a one-vehicular accident, in which Sydney Dean, ("Dean"), was injured. At the time of the accident Merringer was in the course and scope of his employment with the law firm of Jones, Walker, Waechter, Poitevant, Carrere & Denegre, ("Jones, Walker"). Dean sued Michael Bemis, (the owner of the vehicle) Merringer and various insurance companies including Liberty Mutual Insurance Company, ("Liberty Mutual"), and State Farm Mutual Automobile Insurance Company, ("State Farm"). Dean settled her claim with all defendants for $775,000.00 which was composed of varying contributions from each defendant insurance company. The defendant insurance companies reserved their rights to litigate among themselves affecting coverage.
In Dean v. State Farm Mutual Automobile Insurance Company, et al, 518 So.2d 1115 (La.App. 4th Cir.1987), writ denied, 522 So.2d 1096 (La.1988), this court reviewed the allocations of responsibility for payment of the settlement with Dean and amended the trial court's ruling. The State Farm policy issued to Bemis was declared primary and was paid first. The second layer of coverage was split equally between Merringer's personal policy from State Farm and Jones, Walker's business policy from Liberty Mutual. As a result, Bemis' policy paid $100,000.00, Merringer's policy paid $135,000.00 out of its $250,000.00 policy limit, and Jones, Walker paid $540,000.00 out of its $1,000,000.00 policy limit.
*1092 Liberty Mutual subsequently filed a petition for indemnity against State Farm seeking the $115,000.00 remaining balance of State Farm's policy limits as the insurer of Merringer. State Farm filed a motion for summary judgment, exception of no right and/or no cause of action and exception of res judicata. Liberty Mutual also filed a motion for summary judgment. The trial court denied Liberty Mutual's motion and granted summary judgment in favor of State Farm dismissing Liberty Mutual's petition for indemnity. Liberty Mutual appeals this judgment.
The only assignment of error raised on appeal by Liberty Mutual is whether the immunity granted by La. R.S. 9:3921 is a personal defense of which an insurer may not avail itself in a direct action suit. Liberty Mutual argues that the immunity operates to promote the public interest of protecting the working individual and therefore an insurance company should not be allowed to avoid liability by asserting this defense. Before addressing this issue we must first determine whether Liberty Mutual is barred from bringing this cause of action.
In granting State Farm's motion for summary judgment, the trial court pretermitted ruling on State Farm's exceptions of no right of action and/or no cause of action and exception of res judicata. State Farm has reiterated these arguments on appeal as a bar to Liberty Mutual's cause of action. State Farm argues that Liberty Mutual's cause of action for indemnity is barred because 1) Jones Walker can not proceed under La.R.S. 22:655, the Direct Action Statute, because as a vicariously liable party it does not qualify as a tort victim; 2) La.R.S. 9:3921 prohibits Jones, Walker from seeking indemnity from its employee, Merringer; therefore 3) Liberty Mutual's action for indemnity is barred because Merringer's employee immunity extends to State Farm, his subrogee.
In State Farm's first issue, it relies on Arrow Trucking Company v. Continental Insurance Company, 465 So.2d 691 (La.1985), in support of its argument that Jones, Walker can not proceed under the Direct Action Statute. However, this case is distinguishable. In Arrow Trucking Company, supra, the court addressed the issue of reinsurance agreements. The statement referring to the enactment of the Direct Action Statute merely emphasized that the subject matter before the court did not fit within the meaning of the statute. In the present action, we are not dealing with a reinsurance agreement; rather, we are dealing with an insurer being sued in lieu of the insured which is what the Direct Action Statute was designed to facilitate. The Direct Action Statute reads in pertinent part,
"The injured person ... shall have a direct right of action against the insurer... and, such action may be brought against the insurer alone, or against both the insured and insurer ..." La. R.S. 22:655(B)(1) (emphasis added).
Moreover, a clear reading of the statute indicates that the correct question is whether Jones, Walker and/or Liberty Mutual, as their subrogee, are injured persons within the meaning of the statute. In Shaw v. New York Fire & Marine Underwriters, Inc., 252 La. 653, 212 So.2d 416, 418, (1968), the Supreme Court stated,
"Under the Direct Action Statute, the insurer is liable in solido with its insured. LSA-R.S. 22:655.... the insurer may... demand contribution of the insurer of a joint tort feasor." Id. 212 So.2d at 418 (emphasis added).
The original action concluded with an out of court settlement. By assuming fault through this out of court settlement, Merringer and Jones, Walker became bound for the same debt. In the present case, Liberty Mutual, the insurer of Jones, Walker, sued State Farm, Merringer's insurer, for indemnification. Therefore, Liberty Mutual is an injured party within the meaning of the statute because they are demanding contribution from the insurer of a mutually liable party.
State Farm next questions whether the release of a tortfeasor prohibits an employer from seeking indemnity from his employee under La.R.S. 9:3921. The general rule is that an employer is entitled to *1093 indemnity from an employee. LSA.C.C. Art. 1804; Barbin on Behalf of Barbin v. State, 506 So.2d 888 (La.App. 1st Cir.1987). However, the specific law according to La. R.S. 9:3921 provides:
"Any remission, transaction, compromise, or other conventional discharge in favor of the employee or any judgment rendered against him for such damage shall be valid as between the damaged creditor and the employee, and the employer shall have no right of contribution, division, or indemnification from the employee ..."
Merringer is an employee of Jones, Walker. Thus, the employee immunity granted by La.R.S. 9:3921 would apply to Merringer. Jones, Walker would have no cause of action against Merringer for indemnity.
It is a well-established principle of law that an insurance subrogee acquires no greater rights than those possessed by its subrogor and is subject to all limitations applicable to the original claim of the subrogor. Ohio Casualty Ins. Co. v. Nunez, 134 So.2d 309 (La.App. 3d Cir.1961). Liberty Mutual is the subrogee of Jones, Walker. Liberty Mutual is likewise barred from seeking indemnity from Merringer.
The last issue raised by State Farm is whether employee immunity extends to the insurer of the employee and acts as a bar to an action by the employer's insurer for indemnity. Generally, this would be true. However, when an immunity from suit is classified as personal, an insurer may not plead the immunity as a defense to a suit under the Direct Action Statute. Danzy v. U.S. Fidelity & Guar. Co., 380 So.2d 1356 (La.1980); Edwards v. Roy Indemnity Co., 182 La. 171, 161 So. 191 (1935); Castille v. Chaisson, 544 So.2d 670 (La.App. 3d Cir.1989). This leads us to the ultimate question and Liberty Mutual's sole assignment of error: whether employee immunity is classified as personal.
Whether the employee immunity granted by La.R.S. 9:3921 is a personal defense has not yet been decided in Louisiana. In determining personal defenses courts have distinguished a cause of action from a right of action. A personal defense bars a right of action where a cause of action would otherwise have existed. Scarborough v. St. Paul Mercury Indemnity Co., 11 So.2d 52, 55 (La.App.Orl.1942). Liberty Mutual has a cause and right of action against Merringer. However, the right of action against Merringer is barred by the employee immunity. This indicates that employee immunity is a personal defense because employee immunity bars a right of action where a cause of action would otherwise have existed.
Furthermore, an insurer cannot avail itself of defenses based upon public policy. Messina v. Societe Francaise De Bienfaissance et D'Assistance Mutuelle De La Nouvelle Orleans, 170 So. 801 (La. App.Orl.1936). The employee immunity operates to promote the public policy of protecting the working individual. In the instant case, State Farm is attempting to avoid liability by asserting the employee immunity. The purpose of La.R.S. 9:3921 is to protect the employee. The statute is devoid of any language referring to an insurer. It simply speaks of the employer and employee. It would be inequitable to allow an insurance company to avoid its obligation through an immunity designed to protect an individual.
The employee immunity fits within the definition of a personal defense and public policy dictates that it be so classified. Therefore, State Farm may not plead the employee immunity as a defense to this suit by Liberty Mutual under the Direct Action Statute.
In conclusion, Liberty Mutual is a proper party under the Direct Action Statute as an insurer suing the insurer of a joint tortfeasor. The release of a tortfeasor by the tort claimant prohibits a cause of action in favor of the employer to seek indemnification from the employee under La.R.S. 9:3921. This immunity does not extend to the insurer of an employee, nor does it bar an action by the employer's insurer for indemnity. Finally, the immunity granted by La.R.S. 9:3921 is a personal defense of which an insurer may not avail itself in a direct action suit. Therefore, State Farm is barred from asserting the employee immunity *1094 as a defense to Liberty Mutual's action for indemnity.
Accordingly, the judgement of the trial court is reversed and remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED
CIACCIO, Judge, concurs in the result.
I concur in the holding that Liberty Mutual may proceed by direct action against State Farm and that the immunity defense is personal to Merringer.