# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-0509


**MARSH ENGINEERING INC., ET AL.**

**VERSUS**

**ERNEST L. PARKER, ET AL.**


************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 915553,
HONORABLE JULES D. EDWARDS III, DISTRICT JUDGE

************

**JIMMIE C. PETERS**
**JUDGE**

************

Court composed of Jimmie C. Peters, Glenn B. Gremillion, and Billy H. Ezell, Judges.


**AFFIRMED.**


**Warren D. Rush**
**Charles M. Rush**
**Attorneys at Law**
**Post Office Box 53713**
**Lafayette, LA 70505**
**(337) 235-4709**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Richard D. Barnett/Marsh Engineering, Inc. Et Al**

**James J. Hautot**
**Judice & Adley**
**Post Office Drawer 51569**
**Lafayette, LA 70505-1769**
**(337) 235-2405**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **New England Insurance Company**

PETERS, J.

The plaintiff, Richard D. Barnett, appeals the grant of an exception of no cause of action dismissing six defendants from the litigation. For the following reasons, we affirm the trial court's grant of the exception in all respects.

## DISCUSSION OF THE RECORD

This litigation began on November 22, 1991, when Barnett and Marsh Engineering, Inc. filed a petition against Ernest L. Parker and Logan Nichols seeking various forms of relief for damages allegedly sustained in a business transaction involving the parties to the litigation. The facts giving rise to the litigation relate back to 1981 when Barnett and Parker, who is a lawyer, began an attorney-client relationship which subsequently developed into a personal and business relationship. In 1985, Barnett, Parker, and two other individuals acquired all of the stock in Campbell Wells Corporation at the cost of $2,052,500.00. The purchasers financed part of the purchase price through a Lafayette, Louisiana bank.

On February 3, 1986, Barnett executed an Act of Cash Sale and Assumption (act of transfer) transferring his stock to Parker. The act of transfer, which was prepared by Parker, provided that, in exchange for the stock, Parker would assume Barnett's share of the Lafayette bank indebtedness and would pay Barnett $1,000.00. Barnett asserts that the act of transfer did not accurately state the terms of the agreement. He claims that Parker was to hold the stock in trust until he (Barnett) overcame certain financial difficulties. Parker asserts that the transfer was just what it purported to be—transfer of full ownership to him. When Parker refused to return the stock to Barnett, he filed this lawsuit.[1] In his original petition, Barnett premised

_____

[1]This matter has been before this court numerous times during the years of litigation. For a more detailed summary of the facts surrounding the stock acquisition and transfer, see *Marsh Engineering, Inc. v. Parker*, 94-1129 (La.App. 3 Cir. 5/8/96), 688 So.2d 1042, *writ denied*, 96-1434 (La. 9/27/96), 680 So.2d 637.

his requests for relief on various grounds, including breach of contract, fraud, breach of fiduciary duty, failure of consideration, detrimental reliance, and nullity. Of particular importance to this litigation is the assertions in the original petition that, at all times during the original stock acquisition and the subsequent transfer giving rise to this litigation, Parker functioned as Barnett's legal advisor.[2]

In April of 2003, Barnett amended his original petition for the fifth time and added the following new defendants to the litigation:

1.  Bean and Parker, a Louisiana law partnership which, in 1986, was comprised of James Wesley Bean and Ernest L. Parker (Law Firm),

2.  New England Insurance Company (New England),[3] the professional liability insurance carrier for the partnership and the partners in 1986,

3.  The Estate of James Wesley Bean (Estate), and

4.  Llewellyn Beadle Bean, the widow of James Wesley Bean, and Bean's two daughters, Carolyn Bean Guilbeaux and Nancy Bean Sutton (Bean heirs).

In joining these defendants, Barnett asserted for the first time that both Parker and Bean had personally provided him with legal representation in the stock transactions, with Parker serving as general counsel. Specifically, Barnett asserted that both attorneys and the Law Firm breached the standard of care owed him as their client in a number of particulars, including the assertions that neither Parker nor Bean properly disclosed to him the relevant aspects of the transactions, the alleged conflicts of interests of the Law Firm, or of Barnett's need for independent counsel. Thus, all of the assertions were couched in terms of legal malpractice. Barnett further asserted

---

[2]While Nichols remains a defendant in the litigation, his involvement in the transactions is not an issue in this appeal.

[3]In December of 1993, Parker had joined New England as a third-party defendant, but the April 2003 filing was the first time Barnett had attempted to join the insurer in the principal demand.

2

that the Law Firm, the Estate, and the heirs are vicariously liable to him for the legal malpractice of both Parker and Bean, and that New England is liable to him pursuant to the terms of the professional liability insurance policy issued to the partners and the Law Firm.

On June 11, 2003, New England responded to Barnett's April 2003 pleading by filing a peremptory exception of no cause of action. In the exception, New England asserted that all of the claims against the new defendants were preempted by La.R.S. 9:5605. After a November 3, 2003 hearing, the trial court rendered judgment granting the exception and dismissing the six defendants from the litigation.[4] Barnett timely appealed this judgment.

## OPINION

The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts that are alleged in the petition. *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234 (La.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.P. art. 931. Therefore, in considering a trial court ruling on an exception of no cause of action, the appellate court accepts the allegations of fact in the petition as true. The determination is based on whether the face of the petition shows the plaintiffs are legally entitled to the relief sought therein. *Everything on Wheels Subaru, Inc.*, 616 So.2d 1234.

The trial court granted the exception of no cause of action based on its interpretation of La.R.S. 9:5605, which became effective after the purported transfer

---

[4]New England remains a defendant in Parker's third-party claim.

3

of the stock at issue, but before Barnett filed his original suit.[5]  When originally

enacted, La.R.S. 9:5605 read in its entirety as follows:

> A.   No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys, or any professional law corporation, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

> B.   The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

> C.   The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

The legislature amended the statute by Acts 1992, No. 611, § 1, adding language to

Paragraph A, re-designating Paragraphs B and C as Paragraphs D and E, and

rewriting Paragraphs B and C.  The statute now reads as follows:

> A.   No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all

---

[5]The Louisiana Legislature enacted La.R.S. 9:5605 into law by Acts 1990, No. 683, § 1, effective September 7, 1990.  The stock transfer at issue occurred on February 3, 1986, and Barnett filed suit on November 21, 1991.

events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

B.  The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred.  However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect.  The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

C.  Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section.

D.  The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

E.  The peremptive period provided in Subsection A of this Section shall not apply to cases of fraud, as defined in Civil Code Article 1953.

Barnett raises a number of issues to be considered in our review of the trial court decision.

*Law of the Case Issue*

Barnett first asserts that the trial court is precluded from applying La.R.S. 9:5605 by the law of the case doctrine.  He bases this assertion on a prior decision of this court wherein we determined that La.R.S. 9:5605 did not apply to Barnett's original suit against Parker.  *Marsh Engineering, Inc. v. Parker*, 94-1129 (La.App. 3 Cir. 5/8/96), 688 So.2d 1042, *writ denied*, 96-1434 (La. 9/27/96), 680 So.2d 637.

5

That appeal arose because the trial court retroactively applied the provisions of La.R.S. 9:5605 and dismissed Barnett's original suit against Parker on the basis of prescription. In reversing the trial court judgment, this court recognized that "[p]rior to enactment of La.R.S. 9:5605, as a general rule, actions against attorneys for legal malpractice were considered 'delictual' in nature and governed by the one-year liberative prescription period recited in La.Civil Code art. 3492," but that there were recognized exceptions wherein a ten-year prescriptive period was applicable, and Barnett's assertions in his pleadings fit within one of those exceptions. *Id.* at 1045. Thus, absent the application of La.R.S. 9:5605, Barnett's action against Parker was timely filed.

In considering the application of La.R.S. 9:5605, this court stated the following:

> A statute of limitation is remedial in nature and, generally, applies to all actions instituted after its effective date even though the cause of action accrues before the statute was enacted. *State v. Alden Mills*, 202 La. 416, 12 So.2d 204 (1943); *Shreveport Long Leaf Lumber Co. v. Wilson*, 195 La. 814, 197 So. 566 (1940); *DeArmas v. DeArmas*, 3 La.Ann. 526 (1848). Even though prescriptive statutes are generally retroactive, they may not violate the constitutional prohibition against divesting a vested right. Such divestiture offends "due process" guaranteed by both the State and United States Constitutions. However, as stated in *Lott v. Haley*, 370 So.2d 521, 524 (La.1979), "[n]onetheless, a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights."

*Id.* at 1046.

Because La.R.S. 9:5605, as originally enacted, shortened the prior ten-year prescriptive period to one year without providing for a reasonable time wherein one affected by the statute could assert his vested right, this court concluded that the statute could not be retroactively applied. We then reversed the trial court judgment

granting the exception of prescription and remanded the matter for further proceedings.

"The 'law of the case' is a policy by which an appellate court will not, on a subsequent appeal, reconsider its earlier ruling in same case." *Burns v. Sabine River Auth.*, 614 So.2d 1337, 1339 (La.App. 3 Cir.), *writ denied*, 617 So.2d 935 (La.1993). However, it is not binding against those who were not parties to the litigation at the time the prior decision was rendered. *Hesse v. Champ Serv. Line*, 98-1627 (La.App. 3 Cir. 3/31/99), 732 So.2d 707. The six defendants at issue in this appeal were not parties to the litigation in 1996. Therefore, we reject Barnett's argument that the law of the case doctrine is applicable to the trial court's ruling on New England's exception of no cause of action.

*Issue of Trial Court Dismissing all Defendants on New England's Exception*

In filing its exception of no cause of action, New England did not purport to represent any other defendant. However, the exception itself sought dismissal of the suit on behalf of all the other newly joined defendants. In brief, Barnett challenges the trial court's authority to dismiss all of the defendants as New England clearly acknowledged that it was not appearing on their behalf.

We find no merit in this challenge. Because New England was joined as the insurer of Bean, Parker, the Law Firm, the Estate, and the heirs, any relief available to it was dependent upon the dismissal of those defendants from the litigation. The trial court may notice the failure to disclose a cause of action on its own motion. La.Code Civ.P. art. 927(B). The fact that another defendant suggested to the trial court that it should consider noticing the pleading defect does not affect the validity of the trial court's action in that regard.

7

*Liability of Bean, the Law Firm, the Estate, and the Heirs for Bean's Actions*

In his April 2003 pleading, Barnett asserted that Bean committed acts of legal malpractice separate from those of Parker. In doing so, he specifically asserted that Bean committed no fraud in his acts of legal malpractice. Barnett asserts that the suit against Bean is timely because the amendment relates back to November 22, 1991, the date he filed his original petition.

"When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." La.Code Civ.P. art. 1153. However, "a supplemental petition filed after a peremptive period has run does not relate back to the time of filing of the original petition." *Robin v. Allstate Ins. Co.*, 02-689, p. 11 (La.App. 3 Cir. 2/5/03), 844 So.2d 41, 49, *writ denied*, 03-1818 (La. 10/17/03), 855 So.2d 763. Additionally, the mere adding of a defendant does not in itself cause the addition to relate back to the original pleading. *Hebert v. Doctors Mem'l Hosp.*, 486 So.2d 717 (La.1986).

Bean's alleged acts of legal malpractice are separate causes of action from Parker's alleged legal malpractice acts. The 1992 amendment to La.R.S. 9:5605, and specifically La.R.S. 9:5605(B), established the "reasonable time" for the protection of a vested right which this court had found lacking in La.R.S. 9:5605 as originally enacted in 1990. That amendment provided that a plaintiff had until September 7, 1993, to file suit "in a court of competent jurisdiction and proper venue . . . without regard to the date of discovery of the alleged [legal malpractice]." La.R.S. 9:5605(B). Barnett failed to file suit against Bean for his individual acts of legal malpractice within that time period and we find no error in the trial court's determination that

8

Barnett's suit against Bean, the Law Firm, the Estate, the heirs, and New England for any acts of legal malpractice by Bean were perempted.

*Liability of Bean, the Law Firm, the Estate, and the heirs for Parker's Actions*

Barnett next asserts that, because the added defendants are solidarily liable with Parker for his damages, the timely suit against Parker interrupted prescription as to all the solidary obligors. *See* La.Civ.Code arts. 1799, 3503. However, the issue before us is one of peremption, not prescription. Peremption and prescription differ in several respects. "Peremption may not be renounced, interrupted, or suspended." La.Civ.Code art. 3461. Additionally,

> Although prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation (La. Civ.Code art. *1762*(1)); peremption, however, extinguishes or destroys the right (La. Civ.Code art. 3458). Public policy requires that rights to which peremption periods attach are to be extinguished after passage of a specified period. Accordingly, nothing may interfere with the running of a peremptive period.

*Hebert*, 486 So.2d at 723 (footnote omitted).

Although there exists some inconsistencies in the statute, La.R.S. 9:5605(B) clearly states that "[t]he one-year and three-year periods of limitation provided in [La.R.S. 9:5605(A)] are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interpreted, or suspended." *See also Reeder v. North*, 97-0239 (La. 10/21/97), 701 So.2d 1291. Additionally, La.R.S. 9:5605(A) applies to any "action for damages against any attorney . . . whether based on tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services." This language is broad enough to include vicarious liability for the actions of partners or associates.

9

The fact that Barnett alleged fraud on the part of Parker does not change the application of La.R.S. 9:5605, despite the language of La.R.S. 9:5605(E). As explained by this court in *Dauterive Contractors v. Landry & Watkins*, 01-1112, p. 29 (La.App. 3 Cir. 3/13/02), 811 So.2d 1242, 1260-61:

> Subsection E of La.R.S. 9:5605 states that the existence of fraud operates to make Subsection A's peremptive period inapplicable. Earlier in this opinion, we held that in cases of fraud, the *singular* "peremptive period" referenced in Subsection E refers to the three-year peremptive period only. *Contra Coffey*, 762 So.2d at 1187 ("Because the one and three-year limitations of La.R.S. 9:5605(A) are peremptive, the fraud exception of La.R.S. 9:5605(E) is applicable to both."). Therefore, if fraud is proven, the three-year peremptive period will be inapplicable; the claim can be brought at any time after the act of malpractice, *subject still, however,* to the one-year peremptive period, to which the fraud exception is inapplicable. In *Broussard v. Toce*, 99-555, p. 5 (La.App. 3 Cir. 10/13/99); 746 So.2d 659, 662, we said that "Broussard's argument that his fraud claim has not prescribed fails to recognize that this claim is still subject to the one-year prescriptive [peremptive] period from the date of discovery. La.R.S. 9:5605(A). Subsection E of La.R.S. 9:5605 carves out an exception for the three-year peremptive period only." *See also Broussard v. F.A. Richard & Assoc. Inc.*, 732 So.2d 578 (the fraud claim, while not subject to the three-year peremptive period, is still subject to the one-year period).

Barnett failed to timely file suit against Bean, the Law Firm, the Estate, the heirs, and New England for Parker's legal malpractice for his individual acts of legal malpractice and we find no error in the trial court's determination that Barnett's suit against Bean, the Law Firm, the Estate, the heirs, and New England for any acts of legal malpractice by Parker were perempted.

*New England's Right to Benefit from the Provisions of La.R.S. 9:5605*

Finally, Barnett asserts that because La.R.S. 9:5605 provides peremptive periods only for lawsuits against attorneys and firms, New England cannot avail itself of the provisions of La.R.S. 9:5605. In other words, even though New England may be solidarily liable with Bean, the Law Firm, the Estate, and the heirs, the insurer

does not have the requisite attorney-client relationship to assert a defense under this statute.

"A solidary obligor may raise against the obligee defenses that arise from the nature of the obligation, or that are personal to him, or that are common to all the solidary obligors. He may not raise a defense that is personal to another solidary obligor." La.Civ.Code art. 1801. "[W]hen an immunity from suit is classified as personal, an insurer may not plead the immunity as a defense to a suit under the Direct Action Statute." *Liberty Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 579 So.2d 1090, 1093 (La.App. 4 Cir.), *writ denied*, 586 So.2d 563 (La.1991). Thus, the question is whether the protection provided an attorney under La.R.S. 9:5605 is personal to the attorney. We conclude it is not.

The direct action statute does not create an independent cause of action against the insurer. It merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured. *Descant v. Adm'rs of Tulane Educ. Fund*, 93-3098 (La. 7/5/94), 639 So.2d 246. When the injured party's substantive cause of action against the original tort feasor is extinguished, the procedural right of direct action against the insurer, which is purely remedial and ancillary to the cause, must fall by operation of law. *Dumas v. U.S. Fid. & Guar. Co.*, 241 La. 1096, 134 So.2d 45 (1961).

Under the direct action statute, the Legislature did not intend to give the insurer the right to plead defenses which are purely personal between the insured and claimant and in no way growing out of, or connected with, the accident or policy. *Edwards v. Royal Indem. Co.*, 182 La. 171, 161 So. 191 (1935): *Castille v. Chaisson,* 544 So.2d 670 (La.App. 3 Cir. 1989). Louisiana courts have held the following

11

immunities to be personal to the insured and therefore unavailable to the insurer: interspousal immunity, parental immunity, governmental immunity, charitable immunity, minority, bankruptcy and insanity. *Danzy v. U. S. Fid. & Guar. Co.*, 380 So.2d 1356, 1359 n.5 (La.1980). However, an immunity which denies the plaintiff a cause of action is not personal to an insured and may be invoked by his insurer. *Gray v. Margot Inc.*, 408 So.2d 436 (La.App. 1 Cir. 1981). A peremptive statute totally destroys the previously existing right with the result that, upon expiration of the prescribed period, a cause of action or substantive right no longer exists to be enforced. *Pounds v. Schori*, 377 So.2d 1195 (La.1979).

In the case before us, peremption as a basis for the exception of no cause of action asserted by Bean, the Law Firm, the Estate, and the heirs arises from the fact that the claims against them are based on legal malpractice. The statutory peremption is not a personal defense between them and Barnett. The peremption statute in the present case creates a defense of no cause of action which is available to New England as their insurer.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's grant of the exception of no cause of action dismissing Barnett's claims against Bean and Parker, New England Insurance Company, the Estate of James Wesley Bean, Llewellyn Beadle Bean, Carolyn Bean Guilbeaux and Nancy Bean Sutton. We tax all costs of this appeal to Richard D. Barnett.

**AFFIRMED.**

12